**IT IS ORDERED as set forth below:**

**Date: January 28, 2010**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER:  A09-81799-PWB |
| | : | |
| JAMES P. STEVENS, | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |
| _____ | : | |
| | : | |
| DONALD F. WALTON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| JAMES P. STEVENS, | : | |
| | : | |
| Respondent. | : | |

### ORDER DENYING MOTION TO DISMISS

The United States Trustee has filed a motion to dismiss this chapter 7 case (the

"Motion") [Docket No. 14].  The Motion states that the Debtor failed to submit a tax return to the

chapter 7 trustee at least seven days prior to the § 341(a) meeting (Motion ¶ 5) and that the Debtor testified at the 11 U.S.C. § 341(a) meeting that he has not filed tax returns for 15 years (Motion ¶ 6). Indeed, eight days prior to the § 341(a) meeting the Debtor filed a declaration that he had "not filed a tax return in approximately 15 years due to my income level." [Docket No. 8]. The Motion then states, "To date, the Debtor has failed to provide the requested information or explain the delay in producing the required return." (Motion ¶ 7).

The Motion asserts that the case must be dismissed under 11 U.S.C. § 521(e)(2)(B) because applicable law required the debtor to file federal tax returns for recent years and the debtor failed to provide one. (Motion ¶ 10). With regard to dismissal for cause under 11 U.S.C. § 707(a), the Motion states that a debtor must produce, when called upon, "written information concerning her business and financial affairs that is accurate and useful in tracing the Debtor's financial history during the period preceding the bankruptcy" (Motion ¶ 9) and that "the Debtor's failure to submit necessary documents and information" constitutes cause for dismissal of the case. (Motion ¶ 11).

When the matter initially came before the Court for hearing, the parties announced that it would be "reset upon request." Shortly thereafter, the parties submitted a consent order dismissing the case. For reasons stated herein, the Court declines to enter the consent order and denies the motion to dismiss.

Section § 521(e)(2)

11 U.S.C. § 521(e)(2)(A)(i) provides that the Debtor shall provide

not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

2

If the debtor fails to comply with this requirement, the next subparagraph provides that the court "shall dismiss the case unless the debtor demonstrates that the failure to comply is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2)(B).

The Motion's request for dismissal under these provisions is problematic because it does not clearly articulate the basis for dismissal. The Motion appears to assume that, because the Debtor was required to file federal tax returns for recent years, § 521(e)(2)(A)(i) requires the debtor to produce a tax return for a recent year. This is not what the statute says. Rather, it states that the debtor must produce the return for the most recent tax year *that was filed*. Nothing requires that the Debtor file a tax return.

Under the undisputed facts asserted in the Motion and established in the record, the last year for which the Debtor *might* have filed a tax return is 1993; neither the Motion nor the Debtor's declaration states the last year the Debtor filed a return or whether he has ever done so. Assuming *arguendo* that the Debtor filed a return for the 1993 tax year, § 521(e)(2)(A)(i) requires him to produce it, and § 521(e)(2)(B) requires dismissal for his failure to do so unless he demonstrates that the failure is due to circumstances beyond his control.

It is not clear whether the United States Trustee wants the case dismissed because the Debtor has not produced a copy of a recent tax return or because the Debtor did not produce a copy of his 1993 return. If the reason is the former, it is insufficient as a matter of law because § 521(e)(2) requires only the production of a return that was filed and the Debtor has not filed recent returns.

If the reason is the latter, the Motion does not clearly say so, and it does not contain an allegation that the Debtor ever filed a return, an essential element for the requirement of

3

production.  In any event, the Motion's facial allegations come close to establishing, if they do not establish, that the Debtor's failure to produce a tax return for 1993 is for reasons beyond his control.

Admittedly, the Debtor here has provided no explanation for the absence of his most recent tax return (whatever year that is), so he has arguably failed to carry the burden that § 521(e)(2)(B) expressly places on him.  One could reasonably expect that a debtor seeking to avoid dismissal should advise  the United States Trustee and the Court of the last tax return that he filed.  Because the Debtor has not done so on the record before the Court, the Court could possibly grant the Motion on technical pleading grounds.

The Court declines to reach such an absurd result on the undisputed facts that the present record reflects.  Had the Debtor stated, "The last tax return I filed was around 1993 and I no longer have it," the Court would conclude without hesitation (no other evidence being presented) that the passage of 15 years from the date of filing of the return established cause for not producing it.  And absent something else in the record, that is exactly what the Court thinks the Debtor meant in his declaration.   To be sure, the declaration is somewhat inartful in expressing a technically and fully sufficient defense to dismissal under § 521(e)(2), but the Court declines to impose the sanction of dismissal for what appears to be a lack of attention to detail.  Perhaps counsel for the Debtor thought that the absence of returns for 15 years would satisfy the spirit if not the literal language of the statute.  And the Court does wonder what relevance the debtor's 1993 tax return could possibly have to his current financial situation.

If the United States Trustee wants the Court to apply § 521(e)(2) to dismiss this case because the Debtor has not produced a tax return that he filed for 1993, a motion seeking such

4

relief should clearly state that request.  If the United States Trustee thinks that the resources of the United States Department of Justice and of this Court should be spent exploring that issue and whether the Debtor can establish that his present inability to produce it is due to circumstances beyond his control, the United States Trustee may renew his motion and the Debtor may appear at an evidentiary hearing to explain.  The Court will not, however, enter an Order dismissing this case pursuant to § 521(e)(2) based on the allegations in the Motion and the undisputed facts in the record before the Court.

Section 707(a)

Section 707(a) provides that a court may dismiss a chapter 7 case "for cause," including

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The Motion contends that the "Debtor's failure to submit necessary documents and information constitutes cause for dismissal of this case."  (Motion, ¶ 11).  The grounds for dismissal under § 707(a) are not exclusive, *see* 11 U.S.C. § 102(3), and  some courts have recognized that a debtor's refusal or failure to provide information to permit a trustee to administer an estate may constitute cause for dismissal under § 707(a). *See In re Moses*, 227 B.R. 98 (E.D. Mich. 1996); *In re Solomon,* 277 B.R. 706 (Bankr. E.D. Tex. 2002); *contra, In re Price*, 211 B.R. 170 (Bankr. M.D. Pa. 1997).

But the United States Trustee has not alleged that the Debtor has refused to provide

5

required information or that the Debtor's failure to file or provide tax returns has hampered the trustee's administration of the estate.  Instead, the United States Trustee contends that he is "not required to speculate as to the Debtor's financial history nor to reconstruct the Debtor's financial records and affairs" (Motion, ¶ 9) and cites *Matter of Juzwiak*, 89 F.3d 424 (7th Cir. 1996) for this proposition.

The *Juzwiak* case involved a creditor's objection to discharge under § 727(a)(3).  If the Debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained," then the United States Trustee, the chapter 7 trustee, or a creditor may file an objection to discharge pursuant to § 727(a)(3).  But that is not the relief the Motion requests and, even if it did, the motion contains insufficient factual allegations to support such a claim for relief.

The Motion's sole ground for dismissal under § 707(a), then, is the Debtor's failure to file tax returns for 15 years.  The Bankruptcy Code does not, however, ground eligibility for chapter 7 relief on the filing of prepetition tax returns.  When Congress wanted to condition bankruptcy relief on the filing of tax returns, it knew how to do so.  For example, in chapter 13 cases a debtor must file tax returns, 11 U.S.C. § 1308, failure to do so results in dismissal, 11 U.S.C. § 1307(e), and the Court cannot confirm a plan unless required tax returns have been filed.  11 U.S.C. § 1325(a)(9).  The absence of comparable provisions in chapter 7 demonstrates that the failure to file tax returns, standing alone, is not "cause" for dismissal under § 707(a).

In short, the bare allegation of a failure to file tax returns without further factual allegations connecting that failure in any way to the need for information in this case does not constitute "cause" for dismissal under § 707(a).

<u>Denial of Motion Without Prejudice</u>

In order to state a claim for relief, a pleading "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-1950 (2009) *(quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2008)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct.at 1949-1950.

As explained above, the allegations of the Motion effectively state nothing more than a claim that this case should be dismissed because the Debtor has failed to file tax returns for 15 years.   This reason, standing alone, is insufficient as a matter of law for dismissal under either § 521(e)(2) or § 707(a). The Motion identifies no other facially plausible reason for dismissal.  The generalized allegations that proper administration of the case requires the Debtor to provide information do not provide enough to permit the Court to conclude that "cause" exists for dismissal.

The Court observes that nothing in the Motion or the record before the Court indicates that any party in interest other than, perhaps, the Internal Revenue Service of the United States and state taxing authorities, have been prejudiced by the Debtor's failure to file tax returns for 15 years.  But granting chapter 7 bankruptcy relief to a debtor who has not filed tax returns cannot prejudice

7

taxing authorities because any taxes a debtor owes for periods for which she has not filed required returns are not dischargeable, 11 U.S.C. § 523(a)(1)(B)(i), and taxing authorities have a variety of remedies that they may invoke to enforce requirements for filing tax returns and to collect any taxes that are lawfully due.  Indeed, the existence of a chapter 7 bankruptcy case could be helpful to the taxing authorities because the ability to examine a debtor under FED. R. BANKR. P. 2004 provides an additional method for obtaining information relevant to the determination and collection of the debtor's tax liabilities.

Because the United States Trustee's motion lacks sufficient factual allegations to state claims for relief under either § 521(e)(2) or § 707(a), this case should not be dismissed unless other facts support dismissal.

Although the United States Trustee and the Debtor have consented to entry of an order dismissing this case, it is not appropriate for the Court to enter the consent order.  Based on the record before the Court, the Court is not satisfied that the adversarial process has worked in this instance and is concerned that entry of a consent order of dismissal would work a manifest injustice and produce a result that is contrary to law.

Nevertheless, the Court recognizes that the parties may have reached agreement for the dismissal of the case based on considerations or facts other than those that the Court has discussed.  Consequently, dismissal may be the proper result.  Accordingly, the Court will deny the Motion without prejudice.  The United States Trustee may file a new motion to dismiss and set forth further factual allegations to support the claims for relief and set the matter down for hearing using the

8

Court's calendaring procedures.  Alternatively, if the Debtor desires dismissal of his case, he may file a motion to dismiss, with notice to all parties in interest, and set the matter down for hearing using the Court's calendaring procedures.  Accordingly, it is

**ORDERED** that the motion to dismiss is denied without prejudice.  The United States Trsutee may amend its motion to set forth further factual allegations to support its claims for relief and set the matter down for hearing using the Court's calendaring procedures.

End of Order

<u>Distribution List</u>

Vivieon E. Kelley
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Jerry A. Daniels
Jerry A. Daniels, LLC
Suite 301
33 S. Clayton St.
Lawrenceville, GA 30045

James Powell Stevens
242 Mountain Dr.
Stone Mountain, GA 30087

M. Denise Dotson
M. Denise Dotson, LLC
170 Mitchell Street
Atlanta, GA 30303

9